# In the United States Court of Federal Claims

No. 20-1936C
(Filed: April 5, 2021)
(Re-Filed: April 9, 2021)[1]

* * * * * * * * * * * * * * * * * * * * * * * *

ROCKY MOUNTAIN MOBILE MEDICAL,

    *Plaintiff*,

v.

THE UNITED STATES,

    *Defendant,*

  and

MEDEXPRESS AMBULANCE SERVICES, INC.,

    *Intervenor.*

* * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

    Pending in this bid protest is plaintiff's motion for reconsideration of the court's opinion of March 18, 2021 (ECF No. 46), asking the court to reconsider our decision to deny its motion for judgment on the administrative record ("MJAR") as to its claim that the Air Force conducted unequal exchanges by failing to conduct discussions with Rocky Mountain Mobile Medical ("RMMM"). Plaintiff also asks the court to reconsider our decision denying its request for permanent injunctive relief.

---

[1] This order was originally issued under seal in order to afford the parties an opportunity to propose redactions of protected material. The parties filed a joint document on April 8, 2021 (ECF No. 52) notifying the court that the parties do not propose any redactions. We thus reissue this order without redactions.

A motion for reconsideration "must be based on a manifest error of law or mistake of fact and must show either: (1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice." *Griswold v. United States*, 61 Fed. Cl. 458, 460-61 (2004) (quoting *First Fed. Lincoln Bank v. United States*, 60 Fed. Cl. 501, 502 (2004)). The moving party "may not merely reassert arguments that 'were previously made and carefully considered by the court.'" *Haggart v. United States*, 151 Fed. Cl. 58, 64 (2020) (quoting *Haggart v. United States*, 133 Fed. Cl. 568, 573 (2017)). Further, a motion for reconsideration is "unavailing where the moving party 'raise[s] an issue for the first time that was available to be litigated earlier in the case.'" *Id.* at 64 (quoting *Martin v. United States*, 101 Fed. Cl. 664, 671 (2011)) (internal citations omitted).

Plaintiff does not allege that there has been a change in controlling law nor newly discovered evidence warranting reconsideration of the court's opinion. Plaintiff argues that reconsideration is necessary to "correct clear legal errors and to prevent a manifestly unjust result." Pl.'s Mot. at 12 (ECF. No. 48 at 12). Plaintiff offers three reasons.

Plaintiff's first argument takes issue with the opinion's alleged failure to address the solicitation's provision regarding the agency's right to conduct "discussions" in this procurement under Federal Acquisition Regulation ("FAR") 52.212-1(g). Although the opinion did not directly cite the solicitation's incorporation of FAR 52.212-1(g), the opinion addressed plaintiff's overarching argument, which was based upon FAR 15.306 and FAR 15.307.[2] Plaintiff's motion for reconsideration fails on this first point because it simply repeats its same argument, which the court carefully considered and addressed. *Haggart*, 151 Fed. Cl. at 64.

The focal point of RMMM's claim that the agency conducted unequal exchanges in its MJAR was based upon the solicitation's advisement that the Air Force may elect to conduct exchanges with "with one, some, or all offerors" during its evaluation of quotations, and that the agency exercised

---

[2] To the extent that plaintiff asks the court to address whether the agency's incorporation of FAR 52.212-1(g) constitutes an election to conduct "discussions" under FAR 15.306 and FAR 15.307, this is a new argument and is thus unavailing in a motion for reconsideration. *Haggart*, 151 Fed. Cl. at 64.

2

its right to conduct exchanges in the form of discussions. AR 258. Plaintiff's argument in its MJAR only mentioned the solicitation's incorporation of FAR 52.212-1(g) once, and it did so merely to illustrate its larger point that the Air Force "elected to exercise its right to conduct exchanges in the form of discussions, [and thus] it was obliged to comply with both the procedural requirements of FAR 15.306 and FAR 15.307."[3]  Pl.'s Mem. 31 (ECF. No. 23).  The court fully considered whether the Air Force elected to exercise its right to conduct exchanges in the form of discussions thus obligating it to comply with the procedural requirements of FAR 15.306 and FAR 15.307, and we found that "the agency simultaneously disavowed such an intent [of electing FAR Part 15] by stating that such communications could be with a limited number of bidders."  Op. at 15 (ECF No. 46).  Even if plaintiff's argument here was not repetitive, we would still find that plaintiff waived its right to complain about any inconsistencies with FAR Part 15 in the solicitation's instructions regarding discussions or exchanges by failing to protest the solicitation's terms prior to bidding.  *Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308, 1313 (Fed. Cir. 2007).

Next, RMMM argues that the court failed to harmonize the solicitation's incorporation of FAR 52.212-1(g) with section four of the solicitation, which advised that the agency may conduct "exchanges" with "with one, some, or all offerors."  AR 258.  Plaintiff argues that, because both provisions pertain to the same subject, i.e., "exchanges" and "discussions," the court must harmoniously interpret FAR 52.212-1(g) with Section 4 of the solicitation.  This is the first time that plaintiff has raised this issue, however, and thus this argument fails as too late.  *Haggart*, 151 Fed. Cl. at 64.

Even if we considered this argument, it would still fail on waiver grounds.  Although plaintiff attempts to reconcile the solicitation's usage of

---

[3] The plaintiff's MJAR simply states, "The Solicitation similarly incorporated FAR 52.212-1(g), which also reserved the Agency's "right to conduct discussions." Pl.'s Mem. 31.  Again in plaintiff's reply brief, it cites to the solicitation's incorporation of FAR 52.212-1(g) as an illustration of the solicitation's advisement regarding exchanges, "the Solicitation advised offerors that 'it might conduct exchanges with none, one, some, or all offerors.'  Def.'s Br. at 20; *see also* . . . AR Tab 3 at 60 (reserving the Agency's 'right to conduct discussions if later determined by the Contracting Officer to be necessary')."  Pl.'s Reply 13 (ECF No. 40).

3

the word "exchanges" under section four with FAR 52.212-1(g), which reserved the Air Force's right to conduct discussions, by stating that "discussions" is one of three types of exchanges recognized by FAR 15.306, the fact still remains that this points to a patent ambiguity between the two solicitation provisions. Thus, plaintiff had the obligation to complain of that ambiguity prior to bidding. *Blue & Gold*, 492 F.3d at 1313.

Finally, plaintiff argues that footnote six of our opinion mischaracterized the GAO decision in *Oregon Innov. Prods.*, B-231767, 1988 WL 227585 (Comp. Gen. Aug. 2, 1988). RMMM asserts that the GAO opinion was conducted under the "small purchase procedures" of FAR Part 13, formerly set forth in FAR 13.108, rather than the "simplified acquisition procedures" of FAR 13 from this solicitation.[4] Although it was apparent that FAR 13 has since been revised and reorganized, citation to *Oregon* still stands as an illustration of the point that the GAO has found that it was "not legally objectionable" for a CO to follow a provision of a solicitation that reserved the right to conduct discussions with "any or all quoters." *Id.*

Additionally, plaintiff argues that reliance on *Oregon* is improper because subsequent GAO decisions have reached the opposite conclusion. GAO opinions are not controlling, however, and thus our citation to a GAO opinion would not constitute an error of law in any event nor would ruling contrary to GAO decisions be in error.

In sum, plaintiff's motion fails to show that the court's opinion involved an error of law such that its motion should be granted to prevent a manifest injustice. "Manifest, as in manifest injustice, is defined as clearly apparent or obvious," and a movant "seek[ing] reconsideration on the ground of manifest injustice . . . cannot prevail unless it demonstrates that any injustice is apparent to the point of being almost indisputable." *Haddad v. United States*, 2021 WL 115562, at *13-14 (Fed. Cl. Jan. 12, 2021) (quoting *Lucier v. United States*, 138 Fed. Cl. 793, 799 (2018)) (internal citations and quotation marks omitted).

Here, plaintiff's motion has only presented repetitive arguments that the court has already considered, new arguments which are unavailing in a motion for reconsideration, and arguments that rely on decisions which are

---

[4] Plaintiff explains in its motion that "The FAR Council substantially revised and reorganized FAR Part 13 by final order, effective February 9, 1998." Pl.'s Mot. at 9.

not controlling and do not have any direct impact on our opinion.  We thus deny plaintiff's motion for reconsideration.

<u>s/Eric G. Bruggink</u>
ERIC G. BRUGGINK
Senior Judge
